IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICK MENDELSSOHN AND AMY BIRNBAUM, Individually and as attorneys in fact for J.M.,<br>  *Plaintiffs*, <br><br> V. <br><br> AUSTIN INDEPENDENT SCHOOL DISTRICT and VINCENT WRENCHER, SR.<br>  *Defendants*. | § § § § § § § § § § § § | Civil Action No. 1:20-cv-203JRN |

### DEFENDANT VINCENT WRENCHER, SR.'S
### MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Vincent Wrencher, Sr. ("Wrencher") respectfully presents his Motion to Dismiss Plaintiffs' Original Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof would show the following:

### I.   INTRODUCTION

Plaintiffs Rick Mendelssohn and Amy Birnbaum, Individually and purportedly on behalf of their son J.M., sued Austin Independent School District ("AISD") and Wrencher under various theories. As to Wrencher, Plaintiffs allege violations of the United States Constitution, pursuant to 42 U.S.C. § 1983 ("Section 1983"). Specifically, Plaintiffs claim violation of the First Amendment, including retaliation thereunder; violation of the right to life, liberty, and the pursuit of happiness; violation of the right to a public education; violation of the Fourteenth Amendment right to equal protection; and civil conspiracy under 42 U.S.C. § 1985 (*See* Plaintiffs' Original Complaint, Doc. #1).

## II.     STANDARD OF REVIEW

If a complaint fails to state a claim upon which relief can be granted, a court should dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise his right to relief above the speculative level. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (citing *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010)). Plaintiffs must have "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). It is also important to note that the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*; *accord Twombly*, 550 U.S. at 555.

### III.    ARGUMENT & AUTHORITIES

As demonstrated below, Plaintiffs have failed to state sufficient factual allegations to avoid dismissal of the claims against Wrencher.

**A.    Plaintiffs' claims against Wrencher should be dismissed because Wrencher is entitled to qualified immunity.**

**1.    The burden is on the Plaintiffs to defeat qualified immunity.**

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005)(quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)). To discharge this burden, a plaintiff must satisfy a two-prong test. *Id.* A plaintiff seeking to defeat qualified immunity must plead facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *See Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(en banc)("*Morgan I*")(quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083).

Courts have discretion to decide which prong of the qualified-immunity analysis to address first. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236, (2009)). In *Morgan I*, the Fifth Circuit found that the rights asserted by the plaintiffs were not clearly established, so it addressed step two of the qualified-immunity inquiry first. *Id.* Specifically, the court found that a student's right to distribute religious materials at a classroom party was not clearly established. *Id.* at 383. In this case, the Court can easily find that the rights asserted by the Plaintiffs were not clearly established, so as in *Morgan I*, the Court should begin with the second prong.

A school official is entitled to immunity from civil liability arising out of discretionary decisions unless the conduct is "clearly established" as unconstitutional at the time of the disputed action. *Morgan v. Swanson*, 755 F.3d 757, 760 (5th Cir. 2014)("*Morgan II*")(citing *Safford Unified*

*Sch. Dist. No. 1 v. Redding,* 557 U.S. 364, 377, 129 S.Ct. 2633, 174 L.Ed.2d 354 (2009)). The Fifth Circuit has found that "[w]here there are no allegations of malice, there exists a 'presumption in favor of qualified immunity' for officials in general, and for educators in particular." *Id.* (citing *Schalk v. Gallemore,* 906 F.2d 491, 499 (10th Cir. 1990); *Safford,* 557 U.S. at 377, 129 S.Ct. 2633 (referring to the "high degree of deference that courts must pay to [an] educator's professional judgment")). The Fifth Circuit recognizes that school officials have "a difficult job, and a vitally important one." *Id.* (quoting *Morse v. Frederick,* 551 U.S. 393, 409, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007). For this reason, educators are entitled to immunity unless "no reasonable official" would have deemed the disputed conduct constitutional. *Id* (citing *Morgan I,* 659 F.3d at 371, 417). As the Supreme Court stated in *Reichle v. Howards*, "existing precedent must have placed the statutory or constitutional question beyond debate." 566 U.S. 658, 664 (2012).

   **2.     Plaintiffs have not pleaded a violation of a clearly established right under the First Amendment.**

      **a.     Second Prong:  Plaintiffs have not met their burden to show a "clearly established" right.**

The Fifth Circuit has recognized that "educators are rarely denied immunity from liability arising out of First-Amendment disputes." *Id.* (citing *Morgan I,* 659 F.3d at 371). The court noted that "the rare exceptions involve scenarios in which a factually analogous precedent clearly established the disputed conduct as unconstitutional." *Id.* The court further explained:

> A plaintiff does not overcome the qualified immunity defense by alleging the violation of a right that is only defined "at a high level of generality." *Ashcroft v. al-Kidd,* 563 U.S. ——, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011). Instead, there must exist a clearly established "particular right" such that the official had "fair notice" of that right and its concomitant legal obligations. *Camreta v. Greene,* 563 U.S. ——, 131 S.Ct. 2020, 2031, 179 L.Ed.2d 1118 (2011). In other words, "the contours of the right" must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In concluding that a particular right is clearly established, courts must rely only on

> authority that existed at the time of the disputed conduct; conversely, courts may consider newer contrary authority as evidence that the asserted right is *not* clearly established. *See Wilson v. Layne,* 526 U.S. 603, 614, 617-18, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).

*Id.* at 760-61.

In *Morgan II*, the court found that a parent's right to distribute religious materials at classroom party was not clearly established, stating, "Where there is no authority recognizing an asserted right, and where the area of law is as 'abstruse' and 'complicated' as First Amendment jurisprudence, that right cannot be clearly established for the purposes of qualified immunity analysis." *Id.* at 761 (citing *Morgan I*, 659 F.3d at 382).

In this case, Plaintiffs cannot identify a case clearly establishing the particular constitutional rights asserted by them. Though the Complaint is not very precise in articulating the causes of action, it appears that Plaintiffs claim that Wrencher punished J.M. in violation of his First Amendment right to make what at least one person found to be an anti-Semitic joke (Doc. 1, pp. 19-20, ¶ 82) and that Wrencher retaliated for the parents advocating in favor of their son by deciding not to involve himself in certain robotics activities or to otherwise reduce his (Wrencher's) own role in the robotics activities (Doc. 1, p. 20, ¶ 84). Even if a school official punishing a student for making such a joke were a violation of the First Amendment, Wrencher certainly was not—and *could not* have been—on notice that it was a constitutional violation because no precedent establishing such a violation exists. Furthermore, the allegations that Wrencher retaliated for the family's advocacy cannot overcome qualified immunity because, again, Wrencher was not on notice that such conduct was a violation of the First Amendment.[1]

---

[1] Indeed, the idea that Wrencher could be forced to continue to participate in an extracurricular activity against his wishes is repugnant to the First Amendment's protections of the freedom of association.

The motion to dismiss should be granted based on the second prong of the qualified immunity analysis.

> **b.    First Prong: Plaintiffs have not met their burden to show a violation of a statutory or constitutional right.**

If the Court starts with or otherwise reaches the first prong of the qualified immunity analysis, Wrencher is still entitled to qualified immunity because Plaintiffs have not adequately pleaded a violation of constitutional rights.

Plaintiffs have not pleaded a violation of J.M.'s or his parents' First Amendment rights. As to the right to have their religious beliefs and practices protected and free from discrimination (Doc. 1, pp. 19-20, ¶ 82), Plaintiffs have failed to plead any religious beliefs or practices in which J.M. or his parents engaged or sought to engage and that were infringed. Though this action apparently arises from the telling of a joke, there is no allegation that telling a joke, whether anti-Semitic or not, is a religious practice that is protected by the First Amendment. Similarly, as to the parents' conduct, there are no allegations, whether conclusory or otherwise, that any of the parents' conduct is a religious practice protected by the First Amendment. Thus, Plaintiffs' claim for free exercise of religion must fail.

As to retaliation for the parents' advocacy (Doc. 1, p. 20, ¶ 84),[2] Plaintiffs have failed to plead necessary facts. To state a claim for retaliation, a plaintiff must allege that (1) he was

---

[2] Plaintiffs do not appear to claim retaliation against J.M. for engaging in protected speech by making the anti-Semitic joke. (*See* Doc. 1, pp. 19-20, § A, Violations of the First Amendment). However, if such a claim is brought it would fail as a matter of law because, even if the joke J.M. made is protected speech under the First Amendment, school officials have broad authority to regulate in the area of offensive speech. In *Canady v. Bossier Parish School Board,* 240 F.3d 437 (5th Cir. 2001), the Fifth Circuit identified four categories of school regulations aimed at student speech, each reviewed under a different standard. These categories are: (1) school regulations directed at specific student viewpoints; (2) school regulations governing student expression involving lewd, vulgar, obscene or offensive speech; (3) school regulations governing student speech related to school-sponsored activities; and (4) school regulations that are viewpoint-neutral and fall into none of the previous three categories. *Id.,* 240 F.3d at 441-44; *Porter v. Ascension Parish Sch. Bd.,* 393 F.3d 608, 614-615 (5th Cir. 2004). Under the second category, schools may ban offensive, lewd, or indecent speech regardless of its potential for disruption. *Id.* In this case, because the joke was admittedly offensive, school officials, including Wrencher, were free to discipline J.M. for making it.

exercising a specific constitutional right, (2) the defendant intended to retaliate for exercising that right, (3) a retaliatory adverse act occurred, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

Plaintiffs have failed to plead causation because they plead no facts that show that Wrencher took adverse state action against J.M. after any "advocacy." In this context, "causation" means that "but for the retaliatory motive[,] the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Specifically, the pleadings state that Wrencher decided as of early March, after the initial incident and before any "advocacy" had taken place, to kick J.M. off the team for the 2018-2019 and 2019-2020 school years. Just because the impact was felt thereafter does not mean that the adverse act occurred at that time; it occurred when the decision was made. *Cf. Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (adverse action under Title VII occurred and cause of action accrued when the decision was made and communicated even though the effects of the denial of tenure—the eventual loss of a teaching position—did not occur until later).

To the extent the retaliation was that Wrencher "wrote to [sic] a letter to the Robotics Education and Competition Foundation *in March* stating that J.M. was not permitted to compete but could be a spectator" (Doc. 1, p. 15, ¶ 51)(emphasis added), and such alleged action occurred after parental advocacy, the claim still fails.  Specifically, the allegations about the letter, i.e., that in writing the alleged letter, "Wrencher purposefully intended to harm and blackball J.M." (Doc. 1, p. 15, ¶ 51), are conclusory allegations, because there are no factual allegations that Wrencher, in allegedly writing the letter, intended to retaliate for the actions of J.M.'s parents.

To the extent Plaintiffs argue that Wrencher's later decision not to participate in the robotics program, and the fallout resulting from that decision, is alleged to be the adverse action,

that is a personal choice at which point Wrencher became a private actor rather than a state actor, which will not support liability under Section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)(Purely private conduct, no matter how wrongful, is not actionable under § 1983 and the United States Constitution).

Plaintiffs have not adequately pleaded a constitutional violation; therefore, Wrencher is entitled to qualified immunity.

### 3. Plaintiffs have not pleaded a violation of a clearly established right under the Equal Protection clause.

#### a. Second Prong: Plaintiffs have not met their burden to show a "clearly established" right.

The Court need not separately analyze the equal protection claim. The Fifth Circuit has found that when an equal protection claim mirrors the First Amendment claim, "the substantive guarantees of the [First] Amendment serve as the strongest protection against the limitation of these rights.... [If the defendants' actions] survive substantive review under the specific guarantees [of the First Amendment,] they are also likely to be upheld under an equal protection analysis...." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 348 (5th Cir. 2017), as revised (July 3, 2017) (quoting *A.M. ex rel. McAllum v. Cash*, 585 F.3d 214, 226 n.9 (5th Cir. 2009)). In *Brinsdon*, the plaintiff was required to recite the Mexican Pledge of Allegiance, and she was disciplined when she refused to do so. The plaintiff brought claims against her teacher and principal that: (1) her First Amendment right to be free from compelled speech was violated; (2) she suffered retaliation based on her First Amendment protected speech when she was removed from her class; and (3) she was treated unequally in violation of the Equal Protection Clause. The Fifth Circuit analyzed the First Amendment claims, found the school officials were entitled to qualified immunity, and

extended that holding to the equal-protection claim without further analysis based on the *McAllum* opinion.

In this case, as in *Brinsdon*, the equal protection claim mirrors the First Amendment claim—the objectionable conduct is the fact that J.M. was disciplined for making the "self-deprecating joke about Jewish culture" (Doc. 1, p. 21, ¶ 90); therefore, the Court need not undertake a separate qualified immunity analysis. Wrencher enjoys qualified immunity from the equal-protection claim as he does the First Amendment claim. However, even if a separate analysis is employed, Wrencher is entitled to qualified immunity because it was not clearly established that such discipline violated the equal protection clause.

> b. **First Prong: Plaintiffs have not met their burden to show a violation of a statutory or constitutional right.**

To state an equal-protection claim for a class of one (Doc. 1, p. 21, ¶ 90), a plaintiff must allege that he or she has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (citing cases). Conclusory allegations are insufficient to support "class of one" discrimination allegations. A plaintiff fails to state a claim when he "identified no one similarly situated to him who received different treatment or pointed to facts showing any such different treatment had no rational basis." *Alvarez v. Bergt*, 5:16CV39, 2017 WL 370852, at *5 (E.D. Tex. Jan. 26, 2017)(citing *Bell v. Woods*, 382 Fed.Appx. 391 (5th Cir. June 18, 2010) (allegation that inmate was treated differently from other sex offenders failed to set out a claim where inmate did not identify other sex offenders who were allowed to enroll in computer courses, nor did he allege other prisoners were convicted of the same offense as he was or they were allowed into the same courses for which he had applied); *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (vague allegation that non-drug addicts received better medical care

did not set out an equal-protection violation); *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004) (rejecting prison discrimination claim based on "bald, unsupported, conclusional allegations")). In this case, Plaintiffs have made no more than conclusory allegations related to an equal-protection claim. The claim must be dismissed.

### 4. Plaintiffs have not pleaded a violation of a clearly established right to life, liberty, and the pursuit of happiness.

Wrencher is entitled to qualified immunity as to the alleged violation of J.M.'s "right to life, liberty, and pursuit of happiness" because Plaintiffs cannot demonstrate a constitutional right to such, clearly established or otherwise.

"This 'right' referred to by Plaintiff[s] appears to come not from the U.S. Constitution but from the Declaration of Independence, which reads, in part, 'We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.'" *Johnson v. Marsiglia*, CV 18-2854, 2019 WL 3081632, at *3 (E.D. La. July 15, 2019)(quoting the Declaration of Independence para. 2 (U.S. 1776)). "But 'the Declaration of Independence is not a federal law and is not part of the Constitution; therefore, it cannot give rise to a cause of action.'" *Id.* (quoting *Epps v. Russell Cty. Dep't of Human Res.*, No. 3:15CV25-MHT, 2015 WL 1387950, at *4 (M.D. Ala. Mar. 25, 2015)). Wrencher is entitled to qualified immunity with respect to a claim that he violated J.M.'s right to life, liberty, and the pursuit of happiness.

### 5. Plaintiffs have not pleaded a violation of a clearly established right to education.

Wrencher is entitled to qualified immunity on the claim that he violated J.M.'s right to a public education because there is no constitutional right to public education, clearly established or otherwise. *See Plyler v. Doe*, 457 U.S. 202, 221, 102 S. Ct. 2382, 2396, 72 L. Ed. 2d 786

(1982)(citing *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973)). Claims related to the denial of education are properly brought as due process or equal protection claims, the latter of which Plaintiffs have already unsuccessfully attempted to bring. *Cf. Washington ex rel. J.W. v. Katy Indep. Sch. Dist.,* 390 F. Supp. 3d 822, 846 (S.D. Tex. 2019)*, reconsideration denied,* 403 F. Supp. 3d 610 (S.D. Tex. 2019) and *appeal dismissed sub nom. J. W. v. Katy Indep. Sch. Dist., 19-20696, 2019 WL 8331534* (5th Cir. Dec. 3, 2019). Further, allegations that Wrencher violated the Texas Constitution fail because Texas has no provision analogous to 42 U.S.C. § 1983, and the Texas Supreme Court has held that there is no implied cause of action for damages under the Texas Constitution. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995).

**6.    The conspiracy claim must be dismissed.**

**a.    Wrencher is entitled to qualified immunity for conspiracy.**

Plaintiffs allege that the defendants, along with unnamed parents, conspired to deprive them of their First Amendment and equal protection rights. Section 1985(3)[3] conspiracy claims are subject to the qualified immunity defense. *Holcomb v. Berryhill*, A-08-CA-681-JRN, 2009 WL 10699947, at *8 (W.D. Tex. Apr. 13, 2009), on reconsideration, A-08-CA-681-JRN, 2009 WL 10699948 (W.D. Tex. July 17, 2009)(citing *Sullivan v. County of Hunt, Tex.*, 106 Fed. Appx. 215, 220 (5th Cir. 2004). Plaintiffs must allege a cognizable constitutional violation to overcome the claim of qualified immunity. *Id.* Here, as discussed above, Plaintiffs have failed to allege a cognizable violation of a clearly established constitutional right as required in order to overcome

---

[3] Plaintiffs' Complaint does not explicitly state whether Plaintiffs have asserted a claim under part (3) of § 1985. However, parts (1) and (2) are clearly inapplicable in the present case. Part (1) pertains to a conspiracy to prevent a person from "accepting or holding any office, trust or place of confidence under the United States ..." *See*, 42 U.S.C. § 1985(1). Likewise, Part (2) pertains to a conspiracy "to deter any party or witness in any court of the United States from attending such court, or from testifying ... or to injure such party or witness ... or defeating, in any manner, the due course of justice in any State or Territory ..." *Id.* at § 1985(2). On the other hand, § 1985(3) provides a cause of action against those who conspire to deprive "any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws." *Id.* at § 1985(3).

Wrencher's claims of qualified immunity. *See Mowbray v. Cameron Cty.*, 274 F.3d 269, 280 (5th Cir. 2001) (holding that there cannot be a conspiracy claim where qualified immunity protects the alleged civil rights violators); *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) ("[A] conspiracy claim is not actionable without an actual violation of [§] 1983").

### b. Plaintiffs have not properly pleaded a claim for conspiracy.

At any rate, Plaintiffs have not properly pleaded a claim under section 1985(3). "To properly state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an overt act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States; and (5) the conspiracy was motivated by a class-based animus." *Id.* (citing *Hillard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994); *Burns-Toole v. Byrne*, 11 F.3d 1270,1276 (5th Cir. 1994). Plaintiffs have failed to plead anything other than conclusory allegations as to these required elements. Plaintiffs have not defined the nature of the alleged conspiracy nor demonstrated how the individuals participated therein. The Fifth Circuit has dictated that "plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Id.* (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)). Plaintiffs have offered no facts that would tend to establish, if proven, that a conspiracy existed. Moreover, there are no facts to suggest that the conspiracy was motivated by an impermissible class-based animus as required. *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)("... there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal

enjoyment of rights secured by the law to all.")). Plaintiffs' allegations are too conclusory to support a cause of action for conspiracy under section 1985(3).

**B.     The parents should be dismissed as individual Plaintiffs.[4]**

In the Original Complaint, Plaintiffs are identified as "Rick Mendelssohn and Amy Birnbaum, Individually and as attorneys in fact for J.M.," and they refer to themselves in the plural form. In addition, they seek damages for loss of out-of-pocket expenses (Doc. 1, ¶ 107). However, there are no allegations of conduct directed toward the parents. To the extent the parents seek to bring individual claims for damages suffered on their behalf, they should be dismissed because they have not asserted violations of their own constitutional rights. *See Hooker v. Dallas Indep. Sch. Dist.*, 3:09-CV-1289-D, 2010 WL 4025877, at *5 (N.D. Tex. Oct. 13, 2010) (parents only have standing to pursue claims under Section 1983 if they assert deprivation of their own constitutional rights).

WHEREFORE, the District respectfully request that this Court dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and award any additional relief that the Court deems appropriate.

---

[4] Wrencher is also filing a separate motion, jointly filed with codefendant Austin Independent School District, challenging the Mendelssohn's status as plaintiffs in this suit.

Respectfully submitted,

by: /s/ Jennifer A. Powell
Jennifer A. Powell
Texas Bar No. 00783554
Eric E. Muñoz
Texas Bar No. 24056021
Tyler P. Ezell
Texas Bar No. 24113651
Eichelbaum Wardell
Hansen Powell & Muñoz, PC
4201 W. Parmer Lane, Suite A100
Austin, Texas 78727
(512) 476-9944
jpowell@edlaw.com
emunoz@edlaw.com
tezell@edlaw.com

*Counsel for Defendant Vincent Wrencher, Sr.*