IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICK MENDELSSOHN AND AMY BIRNBAUM, Individually and as attorneys in fact for J.M., § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil Action No. 1:20-cv-203 Jury Trial | |
| AUSTIN INDEPENDENT SCHOOL DISTRICT AND VINCENT WRENCHER, SR., § § § § § | | |
| Defendants. § | | |

**AUSTIN INDEPENDENT SCHOOL DISTRICT AND VINCENT WRENCHER'S JOINT MOTION TO STRIKE RICK MENDELSSOHN AND AMY BIRNBAUM AND JOINT OBJECTION TO J.M.'S USE OF A PSEUDONYM**

Austin Independent School District (AISD or the District) and Vincent Wrencher, Sr. move to strike Rick Mendelssohn and Amy Birnbaum, individually and as attorneys in fact for J.M., and remove them as parties to this suit. Additionally, AISD and Wrencher object to J.M.'s use of a pseudonym.

**A.   Rick Mendelssohn and Amy Birnbaum lack standing to assert claims on their own behalf.**

Rick Mendelssohn and Amy Birnbaum filed this suit in both a representational capacity and individually. Dkt. No. 1 at ¶ 9. However, because the law is well-settled that parents cannot assert their own constitutional and statutory claims for injuries allegedly suffered by their children, they do not have a stake in this litigation and should be stricken from the case as individual parties. *See generally*, *Polk v. City of Corsicana*, 2006 WL

385127 at *5 (N.D. Tex. Jan. 24, 2006) ("Plaintiffs have no standing to sue for alleged acts or omissions that do not infringe upon a legally recognized right belonging to them. Furthermore, although parents certainly feel the injury to a tremendous extent when their child suffers injury, a parent has no right to pursue an action pursuant to § 1983 for injuries to their child.") (internal citations and insertions omitted).

Even though Mendelssohn and Birnbaum assert a claim "for derivative losses" (for having to miss work in order to parent their own child and support him participating in extra-curricular activities), Section 1983 and Title VI require that the litigant identify their own constitutional right that has been violated. *See Moreno v. McAllen Indep. Sch. Dist.*, 2016 WL 1258410 at *7 (S.D. Tex. March 31, 2016) (discussing *Flores v. Cameron Cnty.*, 92 F.3d 258 (5th Cir. 1996)). As Mendelssohn and Birnbaum do not bring a claim for violation of their own individual rights, they should be stricken from this lawsuit.

**B.     Mendelssohn and Birnbaum do not possess the legal authority to sue on behalf of J.M., irrespective of their alleged power of attorney, as J.M. is of the age of majority.**

Whether an individual has the capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under Texas law, the age of majority is eighteen years. Tex. Civ. Prac. & Rem. Code § 129.001. A next friend's authority to act in a representative capacity expires when the minor attains capacity by reaching the age of majority. *Valadez v. United Ind. Sch. Dist.*, 2008 WL 4200092 at *1 (S.D. Tex. Sept. 10, 2008); *Gonzales v. U.S.*, 2007 WL 1729657 at *2 (S.D. Tex. June 13, 2007); *Kaplan v. Kaplan*, 373 S.W.2d 271, 275 (Tex. App.—Houston 1963, no writ); *Spell v. William Cameron & Co.*, 62 Tex. Civ. App. 471, 131 S.W. 637, 638 (Tex. Civ. App. 1910).

J.M. affirmatively pleads that he is above the age of eighteen (18). *See* Dkt. No. 1 at ¶ 8. As J.M. is not a minor, Mendelssohn and Birnbaum do not have authority to prosecute this case on J.M.'s behalf. Whether J.M. gave Mendelssohn and Birnbaum power of attorney is immaterial. Power of attorney only provides Mendelssohn and Birnbaum the authority to initiate this lawsuit *on J.M.'s behalf*. It does not entitle them to become parties in the lawsuit itself. Accordingly, Mendelssohn and Birnbaum must be stricken from this case in their representative capacity.

**C.    Pursuant to appropriate procedure, this Court should direct J.M. to decide if he will substitute into this action or else explain why his claims should not be dismissed.**

The case may only proceed at the former minor's election. *Kaplan*, 373 S.W.2d at 275. J.M. has the option of electing to prosecute on his behalf. *Id.*; *Spell*, 131 S.W. at 638; *see also Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984) ("In a suit by a 'next friend,' the real party plaintiff is the child and not the next friend.").

Federal Rule of Civil Procedure 17(a)(3) states that the court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Therefore, procedurally, this Court should provide J.M. a specific date to declare if he will be substituted into this action or else explain why his claim should not be dismissed. *See Valadez*, 2008 WL 4200092 at *1 ("Plaintiff's attorney is DIRECTED to confer forthwith with Salas an determine whether he wishes to continue this action, and whether he wishes to retain the same or a different attorney. On or before,

September 26, 2008, an amended complaint or a status shall be filed.") (emphasis in original).

Should J.M. decide to continue this case on his behalf, this Court must properly strike out the names of Mendelssohn and Birnbaum. *See Kaplan*, 373 S.W.2d at 275; *Spell*, 131 S.W. at 638. If J.M. does not elect to continue the case, then there is no longer a plaintiff and the case should be dismissed.

**D.     As J.M. is of the age of majority, and this matter does not warrant the use of a pseudonym, this Court should order J.M. refile his complaint under his own name, or dismiss his lawsuit.**

Only in the rarest of instances do courts allow a plaintiff to proceed in a lawsuit anonymously. Indeed, in order to commence a lawsuit, the Federal Rules of Civil Procedure require plaintiffs to disclose their names in the instrument. Fed. R. Civ. P. 10(a); *see also Southern Methodist Univ. (SMU) Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (generally requiring parties to a lawsuit to identify themselves in their pleadings). This is primarily because "there remains a clear and strong First Amendment interest in ensuring that what transpires in the courtroom is public property." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)) (internal quotations omitted). "[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them…[including] the identity of the parties." *Doe v. Compact Info. Sys.*, 2015 WL 11022761 at *8 (N.D. Tex. Jan. 26, 2015) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D. NY Jan. 22, 1996)) (internal quotations and citations omitted). Thus, the presumptive norm is that lawsuits are not anonymous.

The Fifth Circuit has explained that there is no rigid, formulaic test courts should use to weigh the public's interest and fairness to all parties against the plaintiff's desire to proceed under a pseudonym. *Stegall*, 653 F.2d at 185. However, the Court determined the three factors it detailed in *SMU* "deserve considerable weight." *Id.* at 185-86. Those three factors are: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185. Not only did J.M. not seek leave of Court to file his lawsuit under his initials, his pleadings do not establish a valid reason to do so.

    i. <u>J.M. challenges governmental activity but also sues a governmental agent, weighing against anonymity.</u>

Although J.M. does challenge governmental activity, this does not automatically grant him anonymity. The Fifth Circuit in *Stegall* stated "in only a very few cases challenging governmental activity can anonymity be justified." 653 F.2d at 186. It is significant to courts whether a plaintiff is suing the government or an individual, "because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." *Doe v. El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840 at *3 (W.D. Tex. April 1, 2015) (quoting *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266-67 (E.D. Tex. Jan. 23. 2007)) (internal quotations omitted).

"Basic fairness dictates that those among the defendants' accusers who wish to participate in [a lawsuit] as individual party plaintiffs must do so under their real names."

*SMU*, 599 F.2d at 713. "When plaintiffs have chosen to bring private civil suits, primarily for damages, fairness requires that they be prepared to stand publicly behind the accusations and charges they bring." *Compact Info. Sys.*, 2015 WL 11022761 at *7 (citing numerous cases). Courts have found that "defendants can be at a real disadvantage if they are required to defend themselves publicly, while the plaintiff can accuse them behind a 'cloak of anonymity.'" *Id.* (quoting *Doe v. Harris*, 2014 WL 4207599 at *3 (W.D. La. Aug. 25, 2014)).

In this case, J.M. has brought suit not only against AISD as an entity, but also Wrencher, a public educator, individually. *See* Dkt. No. 1. He brings serious allegations that Wrencher infringed upon his constitutional and statutory rights, as well as committed civil conspiracy – which, at their core, attack his credibility and professional performance – and seeks monetary compensation from him. *See Rose*, 240 F.R.D. at 268 ("The court finds that it is appropriate to require Plaintiff to stand publicly behind these accusations, especially in light of the fact that they are made in pursuit of monetary relief."). With guidance from well-settled caselaw, J.M. should not be allowed to hurl accusations from behind his "cloak of anonymity." *Harris*, 2014 WL 4207599 at *3.

    ii. <u>Prosecution of the lawsuit does not compel J.M. to disclose information of the utmost intimacy, weighing against anonymity.</u>

Based on the face of his pleadings, J.M. will not be compelled to disclose information of the utmost intimacy by prosecuting this case under his given name. *See generally*, Dkt. No. 1.

Further, "[e]ven in cases where plaintiffs have alleged psychological trauma due to sexual assault, courts have declined to allow the plaintiff to proceed anonymously." *Compact Info. Sys.*, 2015 WL 11022761 at *4; *see also Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 268 (E.D. Tex. Jan. 23, 2007) ("[F]undamental fairness demands Rose not be allowed to cast aspersions against the public school system and its educators while hiding behind a pseudonym. The allegations that Plaintiff lodges against the school district and its personnel attack the institution's ability to educate and protect the children entrusted to its care."). If courts deny the victims of sexual assault the ability to proceed under a pseudonym, J.M. in this case cannot be said to have a more compelling need to do so.

    iii. <u>Prosecution of the lawsuit does not compel J.M. to admit his intention to engage in illegal conduct, weighing against anonymity.</u>

Based on the face of his pleadings, J.M. will not risk criminal prosecution of any kind by prosecuting this case under his given name. *See generally*, Dkt. No. 1.

## **CONCLUSION & PRAYER**

As J.M. is of the age of majority, and Rick Mendelssohn and Amy Birnbaum lack standing to assert claims on their own behalf, Austin Independent School District and Vincent Wrencher respectfully request that Rick Mendelssohn and Amy Birnbaum be stricken from the case. Further, the District and Wrencher request that J.M. be required to make an affirmative election to continue the case under his own behalf, and through his own name, and, if he elects not to continue the case, that all of his claims be dismissed, with prejudice.

Respectfully submitted,

| | |
|---|---|
| Rogers, Morris & Grover, L.L.P. | Hansen Powell & Muñoz, PC |
| /s/ Clay T. Grover<br>_____ | /s/ - Jennifer A. Powell<br>by permission – Clay T. Grover<br>_____ |
| Clay T. Grover<br>Attorney-in-Charge<br>State Bar No. 08550280<br>Fed. I.D. No. 15064<br>cgrover@rmgllp.com<br>Jonathan G. Brush<br>State Bar No. 24045576<br>Fed I.D. No. 619970<br>jbrush@rmgllp.com<br>Amy Demmler<br>State Bar No. 24092337<br>Fed. I.D. No. 3227731<br>ademmler@rmgllp.com<br>5718 Westheimer Rd., Suite 1200<br>Houston, Texas 77057<br>Telephone: (713) 960-6000<br>Facsimile: (713) 960-6025<br><br>*Attorneys for Austin Independent School District* | Jennifer A. Powell<br>Texas Bar No. 00783554<br>Eric E. Muñoz<br>Texas Bar No. 24056021<br>Tyler P. Ezell<br>Texas Bar No. 24113651<br>Eichelbaum Wardell<br>Hansen Powell & Muñoz, PC<br>4201 W. Parmer Lane, Suite A100<br>Austin, Texas 78727<br>(512) 476-9944<br>jpowell@edlaw.com<br>emunoz@edlaw.com<br>tezell@edlaw.com<br><br>*Counsel for Vincent Wrencher, Sr.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 29, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Martin J. Cirkiel, Esq.
marty@cirkielaw.com
*(via electronic notification)*

Jennifer A. Powell
jpowell@edlaw.com
*(via electronic notification)*

_____
Attorney for Austin ISD